IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QUASI L. JACKSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-1196 |
| | § | |
| NOVASTAR MORTGAGE, INC.; | § | |
| *et al*., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Quasi L. Jackson brought this foreclosure case against Defendants Deutsche Bank Trust Company, as Trustee for Securitized Trust Novastar Mortgage Funding Trust 2007-1; Mortgage Electronic Registration Systems, Inc. ("MERS"); Novastar Mortgage, Inc.; and Novastar Mortgage Funding Corp. (collectively, "Defendants").  Plaintiff brought this suit in the 152d Judicial District Court of Harris County, Texas, and Defendants removed the case to this Court on April 26, 2013.

The Court currently is considering whether Plaintiff's claims are barred by res judicata because of a previous lawsuit filed by Plaintiff in 2010.[1]  Under the doctrine

---

[1] Defendants have filed dispositive motions that raise the issues of res judicata. Specifically, Deutsche Bank and MERS have filed a Motion for Judgment on the Pleadings [Doc. # 18], to which Plaintiff responded [Doc. # 22] and these Defendants replied [Doc. # 27]. Defendants Novastar Mortgage, Inc., and Novastar Mortgage Funding Corp. also have filed a Motion for Judgment on the Pleadings [Doc. # 23], to which Plaintiff has responded [Doc. # 25].

of res judicata, or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *U.S. v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "The bar prevents relitigation of all 'issues that were or could have been raised in [the previous] action.'" *Id.* (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). For claim preclusion to apply, "the following four-part test must be satisfied: (1) the parties must be either identical or in privity; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions." *Id.* (internal quotations, citations, and alterations omitted).

In 2010, Plaintiff brought suit against Deutsche Bank in the 113th Judicial District Court of Harris County, Texas, challenging Deutsche Bank's attempts to foreclose on his real property. The property, Note, and Deed of Trust at issue in the 2010 lawsuit are the same as those forming the basis of the case at bar. On August 26, 2011, the state court granted Deutsche Bank's motion for summary judgment in its entirety and dismissed Plaintiff's claims with prejudice. That judgment is final.

In the current suit, Plaintiff has responded to Defendants' motions by, *inter alia*,

2

attaching several documents,[2] including a Consent Order from the Board of Governors of the Federal Reserve System captioned *In the Matter of Morgan Stanley, New York, New York*. The filed copy of this document is incomplete. Only eleven pages of the Consent Order are included and the page showing the Order's date is not provided. Plaintiff also attaches a letter dated May 17, 2013, apparently related to the Consent Order, which letter states that Plaintiff received payments in the amount of $1,300 due to "deficient mortgage servicing and foreclosure processes." Plaintiff provides the Court with only the first page of the May 17th letter. The May 17th letter refers to a "Payment Agreement," a May 3, 2013, letter, and a previous payment to Plaintiff, but none of these documents have been provided by Plaintiff to the Court.

Although Defendants Deutsche Bank and MERS filed a reply [Doc. # 27] to Plaintiff's response, the reply does not address the Consent Order, the payments to Plaintiff, or any of the *Morgan Stanley* matters. On the current record, the Court is unable to ascertain the relevance of these documents, if any, to Plaintiff's claims in this suit and/or the preclusive effect of Plaintiff's 2010 suit. The Court also is unable to determine from the incomplete copy of the Consent Order whether it addresses or otherwise has any effect on the foreclosure litigation relevant to this suit.

Therefore it is hereby

**ORDERED** that **on or before December 20, 2013**, Plaintiff must provide the

---

[2] *See* attachments to Docs. # 22, # 25.

Court with *all pages* of the following documents: (1) the Consent Order ; (2) the May 17, 2013, letter; (3) the "Payment Agreement" referred to in the May 17th letter; (4) all May 3, 2013, correspondence referenced in the May 17th letter; and (5) all documentation regarding payments received by Plaintiff pursuant to the Consent Order. It is further

**ORDERED** that **on or before January 6, 2014**, Defendants must file a supplemental reply brief responding to the documents provided by Plaintiff. Defendants must address the following issues: (1) the relationship between the parties to the Consent Order and the parties to this suit; (2) the effect, if any, of the Consent Order on pending or concluded litigation regarding foreclosure proceedings that were subject to the Order; and, (3) the effect, if any, of the Consent Order on Plaintiff's loan, on Plaintiff's 2010 suit and the suit at bar, and/or on foreclosure proceedings initiated by Defendants on the property in suit. Defendants also may brief other related issues as deemed necessary. It is further

**ORDERED** that **on or before January 13, 2014**, Plaintiff may file a sur-reply brief responding to the points in Defendants' supplemental reply brief.

SIGNED at Houston, Texas, this __12th__ day of **December, 2013**.

_____
Nancy F. Atlas
United States District Judge